**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2280-16T3

KLEIN OUTDOOR ADVERTISING, INC.,

    Plaintiff-Appellant,

v.

CITY OF JERSEY CITY ZONING BOARD
OF ADJUSTMENT,

    Defendant-Respondent.

_____

Argued September 13, 2018 – Decided October 2, 2018

Before Judges Ostrer, Currier, and Mayer.

On appeal from Superior Court of New Jersey, Law Division, Hudson County, Docket No. L-2386-15.

Thomas A. Abbate argued the cause for appellant (DeCotiis, FitzPatrick, Cole & Giblin, LLP, attorneys; Thomas A. Abbate, of counsel and on the brief).

Vincent J. LaPaglia argued the cause for respondent.

PER CURIAM

Plaintiff, Klein Outdoor Advertising, Inc., appeals the December 20, 2016 order affirming defendant's, the City of Jersey City Board of Adjustment (the Board), denial of plaintiff's application seeking minor site plan approval to erect a digital billboard. Because the trial judge improperly made factual findings and legal conclusions when the Board abdicated its responsibilities to promulgate a proper resolution memorializing its denial of plaintiff's application, we reverse and remand to the Board for a second time to comply with its obligations under N.J.S.A. 40:55D-10(g).

Plaintiff is the leaseholder of property known as 9 Route 440 in Jersey City. The property is located in the Port Industrial Zone, which does not permit off-premises billboards. The Jersey City Master Plan reflects that the Jersey City Planning Board "declared the vista along the New Jersey Turnpike - Hudson County Extension to be a 'scenic corridor' meriting significant protections to match its significant contributions to the history and scenic values of our City, our State and our Nation." As a result, the Master Plan recommended ordinances banning all billboards along the entire stretch of the Turnpike Extension in the City.

In 2014, plaintiff filed an application with the Board seeking approval to construct a 98-foot high, 20 by 50 feet, double-sided digital billboard on its

property. Approval of the application required a (d)(1) variance and one or more (c) variances because of the substandard lot area and minimum permitted setbacks.

The Board conducted hearings on plaintiff's application in December 2014 and March 2015. Plaintiff presented six witnesses to support its application, including a professional engineer, a commercial real estate appraiser, and a professional traffic engineer and planner. The traffic expert presented a Federal Highway Administration study concluding digital billboards were not a traffic hazard. His exhibits demonstrated none of the landmarks denoted in the scenic corridor plan were visible from the section of the roadway where plaintiff sought to erect the billboard.

A licensed planner also presented exhibits demonstrating the views in the scenic corridor and the billboard's location in relation to those views. He opined there would be no visual impact on the scenic corridor, with the small exception of the partial obstruction of a church steeple in Bayonne three miles away and already blocked by a tall communications building.[1] The expert also advised the State had not designated this portion of the highway as a scenic highway.

_____

[1] The Master Plan did not reference this church steeple in its listing of specific landmarks and vistas that must remain visible when considering applications for new construction in the City.

Finally, the planner opined plaintiff satisfied the positive and negative criteria sufficient to warrant approval of the application. The Board's senior planner, Tanya Marione, also spoke at the hearing. She noted the City ordinances banned billboards on the property and reminded the Board of the protections the Master Plan sought for the scenic corridor.[2] Marione recommended denying the application.

In an April 15, 2015 Resolution, the Board denied plaintiff's application. Lacking any factual findings, the Resolution did not address any of the evidence presented by plaintiff in support of its application. Instead, it referred to general concepts of zoning law and made unsupported conclusions, including the following statements: a "use variance is not needed for the property to be economically viable," the positive and negative criteria were not satisfied, and the bulk variances "cannot be granted without substantial detriment to the public good and without substantially impairing the intent and purpose of the zone plan and zoning ordinance."

---

[2] Marione's report conceded the proposed billboard would "not disrupt or block the scenic corridor of the Jersey City Downtown, Statue of Liberty and New York Skyline."

A-2280-16T3

On June 2, 2015, plaintiff filed a complaint in lieu of prerogative writs challenging the Board's denial of the application. After hearing counsels' arguments, the trial judge issued an oral decision on May 16, 2016 stating:

> [the Board's] findings of facts [were] merely conclusory statements which [were] primarily made up of recitations of the law necessary to obtain a use variance. Klein, as the applicant, submitted into the record the testimony of six witnesses. However, the Board failed to provide any reason as to why the testimony, along with the other exhibits submitted into evidence by Klein, were insufficient to satisfy the positive and negative criteria for the use variance. As such, the [c]ourt [found] the findings of fact made by the Board[,] with respect to the positive and negative criteria, were insufficient.

Because the Board failed to provide a statement of the specific findings of fact on which it reached its conclusion that the statutory criteria for the variance were not satisfied, the judge concluded he could not determine whether the Board acted properly within the limits of its authority. Therefore, the court remanded the matter to the Board for "reconsideration and specific factual findings showing how they reached their legal conclusion as to the statutory criteria for a variance under [N.J.S.A.] 40:55D-70(d)."

The remand order was considered as "old business" during the Board's July 7, 2016 meeting. In a matter of a few minutes, each Board member reiterated his or her objections to the application. In a three-page July 21, 2016

A-2280-16T3

Supplemental Resolution, the Board made nine factual findings supporting its denial of plaintiff's application. The Board found:

> 1. The Applicant's proofs were not sufficient to overcome the staff reports.
>
> 2. The staff reports which outlined the proofs that were needed to establish both the positive and negative criteria for the grant of this (d)(1) variance were not met by the Applicant.
>
> 3. The Applicant's proofs that a digital billboard was not a safety hazard [were] not persuasive.
>
> 4. The Master Plan specifically prohibits billboards in this zone and, thus, the Applicant did not provide "special reasons" to overcome that.
>
> 5. One of the Applicant's rationales for the billboard – as a means of posting safety announcements – was dismissed as untenable.
>
> 6. Placing digital billboards on the scenic corridor is an offense to the intent and purpose of the Master Plan and would have a negative impact on Jersey City.
>
> 7. The Applicant's safety study was not persuasive.
>
> 8. The Applicant's proposed use would interfere with the scenic vistas the Master Plan protected and was in direct conflict with the goals of the Master Plan.
>
> 9. The application could not me[e]t the negative criteria necessary to grant a use variance.

The same trial judge reviewed the Supplemental Resolution and heard oral argument. On December 20, 2016, the judge issued a comprehensive oral decision spanning forty-four pages of transcript in which he made detailed factual findings and legal conclusions regarding economic inutility and viability, and positive and negative criteria. Concluding plaintiff had failed to demonstrate the Board's decision was arbitrary or capricious, the court dismissed plaintiff's complaint. This appeal followed.

"Ordinarily, when a party challenges a zoning board's decision through an action in lieu of prerogative writs, the zoning board's decision is entitled to deference." Kane Props, LLC v. City of Hoboken, 214 N.J. 199, 229 (2013). Due to "their peculiar knowledge of local conditions," zoning boards "must be allowed wide latitude in the exercise of delegated discretion." Price v. Himeji, LLC, 214 N.J. 263, 284 (2013) (quoting Kramer v. Bd. of Adjustment, 45 N.J. 268, 296 (1965)).

We do not "disturb the discretionary decisions of local boards that are supported by substantial evidence in the record and reflect a correct application of the relevant principles of land use law." Lang v. Zoning Bd. of Adjustment of N. Caldwell, 160 N.J. 41, 58-59 (1999). However, here, the Board failed to comply with its obligation to render a decision supported by the substantial

A-2280-16T3

evidence in the record, and the trial court erred in making its own factual findings supporting the Board's denial of the application. Therefore, we are constrained to reverse the trial court order and again remand to the Board.

Under N.J.S.A. 40:55D-10(g), a planning board's decision must include factual findings and conclusions based on its findings, referring to facts and testimony presented at the hearing. The Board must explain how its factual findings support the ultimate legal conclusions. Loscalzo v. Pini, 228 N.J. Super. 291, 305 (App. Div. 1988).

In reviewing the April 16, 2015 Resolution, the trial judge properly determined the Board's findings were insufficient to deny plaintiff's application. Although the judge instructed the Board on remand to make "specific factual findings" supporting its conclusions, the Board disregarded those directions, and produced a second Resolution still devoid of the requisite factual findings to support denying the application.

Instead of requiring the Board to supplement its conclusory findings with facts and testimony from the record a second time, the trial judge evaluated the application and testimony presented at the Board's hearings and made his own factual findings on the record. Understandably, the trial judge may have desired to bring to a close the protracted proceedings in the case. However, it was not

the court's province to do the work assigned to the Board. Where the Board's Supplemental Resolution failed to comply with the requirements of N.J.S.A. 40:55D-10(g) because it did not sufficiently demonstrate, with reference to established facts and testimony presented, that denying plaintiff's application was appropriate, a remand to the Board is the only remedy. "Where findings of fact are inadequate, the remedy is not for the court to make a decision on the merits of an application but to remand for adequate fact finding." Smith v. Fair Haven Zoning Bd., 335 N.J. Super. 111, 123 (App. Div. 2000).

Therefore, we reverse the December 20, 2016 order, remanding to the Board to comply with N.J.S.A. 40:55D-10(g) and make sufficient factual findings supporting its denial of plaintiff's application, with reference to the facts and testimony presented by plaintiff, including the Board's reasoning for rejecting plaintiff's experts' testimony. See Morris Cty. Fair Hous. v. Boonton Tp., 228 N.J. Super. 635, 647 (Law Div. 1988) (instructing that in making factual findings, a board must consider all of the evidence presented, "rather than merely accepting as factual every statement made by its own planning consultant"). Although we discern no evidence of bias on the part of the trial judge, we are constrained to direct that a different trial judge be assigned to hear the matter upon the inevitable submission of a third Resolution to the trial court,

9

because the trial judge here made findings of fact regarding plaintiff's application.

Reversed and remanded for proceedings consistent with this opinion. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION